# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURA INSURANCE, | Case No. 19-CV-797 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS |
| CHILDERS, et al., | |
| Defendants. | |

To rule on the motions before it, the Court must consider two issues of subject-matter jurisdiction. The first is whether this Court has subject-matter jurisdiction over a counterclaim brought by an injured-party defendant in an insurance declaratory action when state law prohibits direct actions by an injured party. The second is whether this Court has subject-matter jurisdiction over a third-party complaint brought by an injured-party defendant adding another insured. For the reasons below, the Court finds it does not have subject-matter jurisdiction over the counterclaim or the third-party complaint in these circumstances, and accordingly dismisses both.

## BACKGROUND

In 2017, Esther and Jeffrey Oldenburg were involved in a car crash with Michael Hayner. Hayner had purchased his car from Terrance Childers, the owner of LAC Industries ("LAC"). At the time of the crash, the car was still listed as an insured vehicle

on the Commercial Auto Policy and Commercial Umbrella Policy (together "policies") issued by plaintiff SECURA Insurance ("SECURA") to LAC.

After the crash, the Oldenburgs brought a personal injury action against Childers and Hayner in Minnesota state court. [ECF No. 12-1.] LAC is not a named defendant in the state court action, but the Oldenburgs have proposed to join LAC as a party in that suit. [ECF No. 12-2.] In response to the state court action, SECURA brought this declaratory judgment action in federal court, seeking a determination of its obligations under the policies. [ECF No. 1.] SECURA names Childers and the Oldenburgs as defendants and claims that Childers is not an insured under the policies. *Id.* at ¶4. The Oldenburgs then filed an answer, a counterclaim, and a third-party complaint against LAC and Hayner. [ECF Nos. 9, 12.] The Oldenburgs' counterclaim against SECURA seeks (1) a declaration that SECURA provides coverage for Childers under the Commercial Auto Policy, (2) a declaration that SECURA provides coverage to Childers and LAC under the Commercial Umbrella Policy, and (3) a denial of SECURA's request for a declaration of no coverage. [ECF No. 9 at 7.] The third-party complaint against LAC and Hayner seeks a declaration that SECURA's policies cover LAC and Hayner. [ECF No. 12.] SECURA moved to dismiss the counterclaim and SECURA and LAC moved to dismiss the third-party complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. [ECF Nos. 15, 26, 32.]

# LEGAL STANDARD

When a party brings a challenge to the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must determine if it has the authority to decide the claims at issue. *Spine Imaging MRI, LLC v. Liberty Mut. Ins. Co.*, 743 F. Supp. 2d 1034, 1038–39 (D. Minn. 2010). A Rule 12(b)(1) motion may either challenge a complaint on its face or the "factual truthfulness" of its assertions. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). SECURA has made a facial challenge, so "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject-matter jurisdiction." *Id.* The burden of proving subject-matter jurisdiction falls on the party asserting jurisdiction. *See V S Ltd. P'ship v. Dep't. of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Both standing and ripeness "are requirements for Article III subject matter jurisdiction." *Kennedy v. Ferguson*, 679 F.3d 998, 1001 (8th Cir. 2012). If a plaintiff lacks standing to sue, then the district court lacks subject-matter jurisdiction. *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2014). If a claim is not ripe, the court also lacks subject-matter jurisdiction. *See Dakota, Minn. & E. R.R. Corp. v. South Dakota*, 362 F.3d 512, 520 (8th Cir. 2004).

# ANALYSIS

**I. The Court does not have subject-matter jurisdiction over the counterclaim because the Oldenburgs do not have standing.**

The Oldenburgs have the burden of demonstrating the Court's subject-matter jurisdiction over their counterclaim. *See V S Ltd. P'ship*, 235 F.3d at 1112. They argue that because they are joined as defendants in SECURA's complaint, they have the right to bring counterclaims. This argument is squarely foreclosed by Eighth Circuit precedent. *See W. Heritage Ins. Co. v. Asphalt Wizards*, 795 F.3d 832, 836 (8th Cir. 2015). In *Asphalt Wizards*, an insurer brought a declaratory judgment action seeking a declaration that it did not owe coverage to its insured. *Id.* at 835. As here, the insured counterclaimed. *Id.* The Eighth Circuit found there was no subject-matter jurisdiction for the counterclaim based on Missouri's prohibition on direct actions. *Id.* at 836. Because the plaintiffs did not have standing to sue under state law, the federal courts did not have subject-matter jurisdiction. *Id.*

Minnesota, like Missouri, prohibits direct actions. *See Camacho v. Todd & Leiser Homes*, 706 N.W.2d 49, 56 (Minn. 2005). A direct action occurs when an injured party directly sues the defendant's insurer before obtaining a judgment as to the defendant's liability. *Id.* Under Minnesota law, an injured party may not preemptively seek a declaration that an insurer must cover a defendant prior to a judgment finding the defendant liable for the injury. *See id.* Here, the Oldenburgs' counterclaim is a direct action, or at least has the effect of a direct action, because it requests a declaration of affirmative coverage prior to a judgment, precisely what the prohibition against direct

actions does not allow. Because the counterclaim amounts to a direct action, the Oldenburgs do not have standing to pursue this claim.

The Oldenburgs' counterclaim for an insurance declaratory judgment is barred by the state prohibition against direct actions. Consequently, this Court does not have subject-matter jurisdiction. Accordingly, the Court dismisses the counterclaim under Federal Rule of Civil Procedure 12(b)(1).[1]

## II. The Court does not have subject-matter jurisdiction over the third-party complaint because the Oldenburgs do not have standing and because their claim against LAC is not ripe.

SECURA and LAC also filed motions to dismiss the third-party complaint filed by the Oldenburgs. Because the parties make similar arguments about the Court's subject-matter jurisdiction, the Court addresses these motions together.

The Oldenburgs filed a third-party complaint asking for a declaratory judgment that SECURA covers LAC and Hayner under either of the policies. [ECF No. 12 at 7.] In their opposition to the motion to dismiss, they cite Minnesota caselaw about the Minnesota Declaratory Judgment Act, Minn. Stat. § 555.11 , for the proposition that LAC and Hayner are necessary parties and must be joined. [ECF No. 40 at 4–7, 11–12.] They

---

[1] In its Complaint, SECURA's request for relief is broad, asking for a declaration that neither policy covers Childers for any of the claims in the state court action. Notwithstanding this Court's dismissal of the Counterclaim, the Oldenburgs, as defendants here, may present any appropriate argument that Childers is covered by the policies and that a declaration of no coverage is unwarranted.

5

further argue that because they have joined necessary parties through the third-party complaint, it cannot be dismissed. [ECF No. 40 at 11–12.]

The Oldenburgs claim that this Court has diversity jurisdiction over their third-party complaint. A court sitting in diversity will apply state substantive law and federal procedural rules. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (explaining *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under *Erie*, the determination of necessary parties is procedural, and where there is a difference in the state and federal law, the federal law will control. *See Braniff Airways, Inc. v. Falkingham*, 20 F.R.D. 141, 143 (D. Minn. 1957). The requirements for necessary parties in insurance declaratory judgment actions under Minnesota law differ from those of federal law. Minnesota law requires all potentially interested parties to be joined, a broader requirement than the federal rules. *See* Minn. Stat. § 555.11 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."); *Cincinnati Ins. Co. v. Franck*, 621 N.W.2d 270, 274 (Minn. Ct. App. 2001); *Unbank Co., LLP v. Merwin Drug Co., Inc.*, 677 N.W.2d 105, 108 (Minn. Ct. App. 2004). In contrast, the Federal Declaratory Judgment Act only requires interested parties be joined. 28 U.S.C. § 2201(a). An interested party must affirmatively claim an interest in the action. *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 978 (D. Minn. 2009) (using Rule 19(a) to determine who was an interested party in a declaratory judgment action).

Here, federal procedural law applies, and LAC and Hayner do not claim an interest in the instant action. This action addresses SECURA's obligations to Childers in the underlying personal injury action and can be resolved without determining LAC's or Hayner's rights and obligations under the policies. Because LAC and Hayner are not necessary parties, they are not required to be joined.

Further, the third-party complaint is an impermissible direct action for the same reasons as the Oldenburgs' counterclaim. The effect of the third-party complaint, even more clearly than the counterclaim, is to seek a declaration of coverage before the Oldenburgs have a judgment against any party. The Oldenburgs' only request for relief involves declarations of coverage for Hayner and LAC before the Oldenburgs have a judgment against them. Again, this relief is not allowed because Minnesota prohibits direct actions. *See Miller v. Mkt. Men's Mut. Ins. Co.*, 262 Minn. 509, 511 (Minn. 1962). Because the Oldenburgs lack standing to bring their claim, the Court does not have the power to hear it and subject-matter jurisdiction is lacking. *See Asphalt Wizards*, 795 F.3d at 836.

Finally, even if the Oldenburgs could demonstrate standing, the third-party complaint would fail because the claim is not ripe—ripeness being another limit on the Court's subject-matter jurisdiction. Under the ripeness doctrine, for the Court to hear a case, there must be a "real, substantial controversy between parties having adverse legal interests . . . ." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). A claim

7

does not meet the justiciability requirement if it is not ripe, meaning it is dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

The Oldenburgs' third-party complaint is not ripe because it is based on contingent future events. There is no current controversy between the Oldenburgs, LAC, and Hayner. Although the Oldenburgs have proposed to add LAC to the state court personal injury action, it has not yet happened, and until it does, any dispute is hypothetical. The Oldenburgs' request for relief in their third-party complaint is for a declaration that SECURA must cover Hayner. There is currently no controversy between the Oldenburgs and Hayner. There is also no controversy between SECURA, LAC, and Hayner. SECURA has not challenged its alleged obligation to defend LAC or Hayner. Although it is uncertain if SECURA would cover them, a declaration of SECURA's obligation to cover them based on hypothetical and undetermined facts would be premature.

Put another way, if the Court were to declare SECURA's obligations now, the Court's opinion would be advisory. The Court does not have the power to decide cases before the controversy occurs. *See Babbitt*, 442 U.S. at 304. The Oldenburgs point out that if they do add LAC to the underlying dispute and SECURA brings another declaratory judgment to determine its coverage obligations, the Court may again entertain motions

8

to determine the Oldenburgs' right to participate in that case, and there may be overlap between that new proceeding and the current one. But the possibility of overlap with a future hypothetical suit does not provide the Court with subject-matter jurisdiction. Although it may be efficient to declare the rights of all parties in one hearing, without a live controversy such a declaration is improper. Without a justiciable controversy, the Court does not have subject-matter jurisdiction. The third-party complaint is dismissed under Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Dismiss the Counterclaim [ECF No. 15] is GRANTED;

2. Plaintiff's Motion to Dismiss the Third-Party Complaint [ECF No. 26] is GRANTED; and

3. Third-Party Defendant's Motion to Dismiss the Third-Party Complaint [ECF No. 32] is GRANTED.

Dated: November 7, 2019　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　United States District Judge